**WO**                                                                                             LMH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dee Clinton, | ) | No. CV 05-2308-PHX-NVW (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, | ) | |
| Defendant. | ) | |

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by a state prisoner who was formerly confined in the Durango Jail in Phoenix, Arizona.  This action is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  The Court will dismiss the action with leave to amend.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee of $5.00 will be assessed by this Order. 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-K**

collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.

Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.**   **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed

for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.    Complaint.**

Plaintiff sues Maricopa County Sheriff Joseph Arpaio regarding issues of sanitation, food handling, and overcrowding at the Durango Jail. Each of Plaintiff's counts are brought pursuant to  "the civil rights of pretrial detainees as per Hart vs. MCSO Hill." In some instances, he cites the numbers in the Hart action. In Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.), an Amended Judgment was entered regarding the conditions in the county jail. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought in this action. Instead, his allegations must separately state a violation of a constitutional right. Plaintiff has not identified how his constitutional rights were violated by the conditions at the jail. Accordingly, he fails to state a claim.

In addition, Plaintiff has named Maricopa County Sheriff Joseph M. Arpaio as the sole Defendant, but there are no allegations against him. If Arpaio is sued in his official capacity, Plaintiff must allege that the constitutional violations were the result of Arpaio's conduct in accordance with an official policy, longstanding practice or custom. Botello v. Gammick, 413 F.3d 971, 978-79 (9th Cir. 2005); Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). If Arpaio is sued in his individual capacity, Plaintiff must set forth allegations to show that his conduct "play[ed] an affirmative part in the alleged deprivation

1   of constitutional rights." <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).  Without any

2   allegations against Arpaio, Plaintiff fails to state a claim.

3   **D.   <u>Leave to Amend</u>.**

4           For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

5   a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

6   deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a

7   Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

8   complaint must be retyped or rewritten in its entirety on the court-approved form and may

9   not incorporate any part of the original Complaint by reference.  Any amended complaint

10  submitted by Plaintiff should be clearly designated as such on the face of the document.

11          Plaintiff is also reminded that in an Amended Complaint, he may only include one

12  claim per count.  The "one claim per count" rule is set forth in the form Complaint and

13  accompanying instructions, and is a requirement imposed by the local rules of this Court.

14  <u>See</u> LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

15  form).

16          An amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963

17  F.2d 1258, 1262 (9th Cir.), <u>cert. denied</u>, 506 U.S. 915 (1992); <u>Hal Roach Studios v. Richard</u>

18  <u>Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading

19  is treated as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Thus, causes of action alleged in an

20  original complaint which are not alleged in an amended complaint are waived.  <u>King v.</u>

21  <u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

22  **E.   <u>Address Changes</u>.**

23          In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he

24  must file a notice of change of address if his address changes.  Plaintiff is again reminded

25  that at all times during the pendency of this action, Plaintiff shall immediately advise the

26  Court of any change of address and its effective date.  Such notice shall be captioned

27  "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of

28  Change of Address on all opposing parties.  The notice shall contain only information

1 pertaining to the change of address and its effective date, and shall not include a motion for
2 other relief.  Failure to timely file a notice of change of address may result in the dismissal
3 of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
4 Procedure.

5 **F.**     **Warning of Possible Dismissal.**

6        Plaintiff should take note that if he fails to timely comply with every provision of this
7 Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-
8 61(district court may dismiss action for failure to comply with any order of the Court).
9 Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
10 fails to file an amended complaint correcting the deficiencies identified in this Order, the
11 dismissal of this action will count as a "strike" under the "three strikes" provision of the
12 Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

13 **IT IS THEREFORE ORDERED that:**

14        (1)   Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
15 U.S.C. § 1915(a)(1).

16        (2)   Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
17 Plaintiff is assessed a $5.00 initial partial filing fee.  All fees shall be collected and paid in
18 accordance with this Court's Order to the appropriate government agency filed concurrently
19 herewith.

20        (3)   The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30**
21 **days** from the date this Order is filed to file an Amended Complaint in compliance with this
22 Order.

23        (4)   The Clerk of Court shall enter a judgment of dismissal of this action with
24 prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint
25 within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall
26 make an entry on the docket in this matter indicating that the dismissal of this action falls
27 within the purview of 28 U.S.C. § 1915(g).

28

(5)   Aside from the two copies of the petition or amended petition that must be submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(6)   The Clerk of Court is directed to provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

DATED this 21st day of November, 2005.


_____
Neil V. Wake
United States District Judge